UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-22732-MGC

SEAN FREIXA, on behalf of himself
and others similarly situated,

Plaintiff,

v.

PRESTIGE CRUISE SERVICES LLC,
a Delaware Limited Liability Company,
PRESTIGE CRUISE HOLDINGS, INC.,
a Foreign Corporation, PRESTIGE CRUISES
INTERNATIONAL, INC., a Foreign
Corporation and XYZ ENTITIES 1-10
(fictitious names of unknown liable entities).

Defendants.
_________________________________/

**DEFENDANTS PRESTIGE CRUISE SERVICES LLC, PRESTIGE CRUISE HOLDINGS, INC. AND PRESTIGE CRUISES INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, PRESTIGE CRUISE SERVICES LLC, PRESTIGE CRUISE HOLDINGS, INC., and PRESTIGE CRUISES INTERNATIONAL, INC. ("Prestige" or "Defendants"), hereby move for summary judgment on all claims alleged in the Complaint (D.E. 1) brought by Plaintiff, Sean Freixa ("Freixa" or "Plaintiff"). In support hereof, Prestige states as follows:

## I. INTRODUCTION

This is a simple wage and hour matter. Freixa alleges that he was improperly denied overtime under the Fair Labor Standards Act ("FLSA") for hours worked in excess of 40 per week. But Freixa received all of the wages owed to him as a salesperson who earned commissions. Defendant Prestige Cruise Services LLC paid Freixa more than $70,000, mostly in commissions (which Prestige calls "bonuses"), in just over one year. Freixa is therefore

exempt from the overtime requirement under the "Retail Sales" exemption to the FLSA, and he cannot recover for alleged unpaid overtime wages.

Prestige operates cruise ships and offers cruise vacations to customers. Defendant Prestige Cruise Services LLC employs salespeople, called Personal Vacation Consultants, who call customers and potential customers to identify their travel needs, explain opportunities for cruise vacations, make travel recommendations, and ultimately sell and book cruise vacations. Personal Vacation Consultants are paid bonuses, based on a percentage of the value of the cruise vacations that they book, as well as a fixed salary.

Freixa worked for Defendant Prestige Cruise Services LLC from December 7, 2013 through December 19, 2014. He earned a total of $70,343.03 during this time. In 2014, Freixa earned $69,343.03 – $25,500 in fixed salary and $43,843.03 in bonuses – and he was paid $1,000 for his first two weeks of work in 2013.

Even assuming that Freixa worked an average of 60 hours per week, as he alleges (and which Prestige disputes), he still is not entitled to overtime pay for weeks in which he worked more than 40 hours because Prestige paid him in accordance with the Retail Sales exemption.

## II. FACTUAL BACKGROUND

Prestige hereby incorporates into this Motion, by reference, its Statement of Material Facts ("SOF"), filed contemporaneously herewith. All citations to the evidentiary record will be to the Statement of Material Facts unless otherwise indicated.

## III. ARGUMENT

### A. Summary Judgment Standard.

Summary judgment under Rule 56 is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of Rule 56(c) "mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party shall bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In such a situation, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving

party's case necessarily renders all other facts immaterial.'" *Id.* An issue is "genuine" only if there is sufficient evidence with which a reasonable jury could find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For purposes of this motion only, the Court should construe the facts and all reasonable inferences in the light most favorable to the Plaintiff. *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-24. It is not enough that the nonmoving party comes forward with the "mere scintilla of a scintilla of evidence...," *Anderson*, 477 U.S. at 252, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Summary judgment cannot be avoided...based on hunches unsupported with significant probative evidence." *Raney v. Vinson Guard Serv.*, 120 F.3d 1192, 1198 (11th Cir. 1997).

**B. Plaintiff Was Exempt Pursuant to the FLSA's Retail Sales Exemption.**

Freixa is not entitled to overtime pay, as a matter of law, because he is exempt from the FLSA's overtime requirement as a commissioned sales employee. Section 7(i) of the FLSA sets forth an exemption ( "Retail Sales" or "7(i)" exemption) for retail or service employees who are paid on a commission basis. *See* 29 U.S.C. § 207(i). The statute imposes three requirements that must be satisfied to establish the applicability of the exemption:

> (1) The employer is a retail or service establishment;
> (2) The regular rate of pay of the employee is in excess of one and one-half times the minimum hourly rate applicable to him under 29 U.S.C. § 206; and
> (3) More than half of the employee's compensation for a representative period (not less than one month) represents commissions on goods or services.

*Henriquez v. Total Bike, LLC*, No. 13-20417-CIV-MORENO, 2013 U.S. Dist. LEXIS 179592, at *7 (S.D. Fla. Dec. 23, 2013) (citing 29 U.S.C. § 207(i)); *see also, Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 n.2 (11th Cir. 2001) (quoting 29 U.S.C. § 207(i).

Here, the undisputed facts demonstrate that all three criteria are satisfied with respect to Freixa's employment.

**1. Prestige is a retail or services establishment.**

Freixa does not dispute that Prestige qualifies as a retail or services establishment under the FLSA, and thus meets the first requirement for the 7(i) exemption. (*see* D.E. 15, Plaintiff's Statement of Claim.) The FLSA regulations define a "retail or services establishment" as follows:

> Typically a retail or service establishment is one which sells goods or services to the general public. It serves the everyday needs of the community in which it is located. The retail or service establishment performs a function in the business organization of the Nation which is at the very end of the stream of distribution, disposing in small quantities of the products and skills of such organization and does not take part in the manufacturing process.

29 C.F.R. § 779.318(a).

Prestige falls well within this definition of a retail or services establishment. Freixa, as a Personal Vacation Consultant, sold cruises directly to customers – members of the general public, who then sailed on those cruises. (SOF ¶¶4, 6.) Selling cruises to people is exactly the type of sale of "goods or services to the general public" that defines a retail or services establishment. *See Reich v. Cruises Only, Inc.*, No. 95-660-CIV-ORL-19, 1997 U.S. Dist. LEXIS 23727, at *2, *11-13 (M.D. Fla. June 5, 1997) (holding that a company "engaged in the business of assisting customers in selecting and purchasing cruise vacations," satisfies all of the requirements to qualify as a retail or services establishment.). Thus, Prestige, which sells cruise vacations directly to individual customers, clearly fits within the scope of a "retail or services" establishment.

**2. Plaintiff's regular rate of pay was well in excess of one and a half times minimum wage.**

The second requirement of the Retail Sales exemption is that the employee's regular rate of compensation must be greater than 150% of minimum wage. 29 U.S.C. § 207(i). The minimum wage in Florida was $7.93 in 2014. (SOF ¶8.) This means that in order for the exemption apply, Freixa's regular rate needed to be $11.90 per hour or more.

For purposes of this motion only, Prestige assumes that Freixa's allegations are correct and that he averaged 60 hours of work per week for 50 weeks. If Freixa indeed worked those

hours and weeks, any earnings over $35,700 during that time period would satisfy this requirement ($11.90 times 3,000 hours).

Freixa's earnings not only satisfied this requirement, but Freixa earned nearly double the $35,700 minimum, In fact, he was paid a total of $70,343.03 during his employment with Defendant Prestige Cruise Services LLC, from December 7, 2013 through December 19, 2014. (SOF ¶14.) Freixa's hourly rate – again, assuming that he worked 50 weeks of 60 hours each (which Prestige disputes) – was **<u>$23.45</u>** per hour ($70,343 divided by 3,000 hours). (*Id.*)

Employers who pay salespeople, like Freixa, above 150% of minimum wage on average over the course of their employment, satisfy the second requirement for the Retail Sales exemption. *See Henriquez*, 2013 U.S. Dist. LEXIS at *8-9 (second requirement met where plaintiff earned $25.77 per hour on average for more than two years, assuming 48-hour work weeks, and 150% of minimum wage was $10.88); *Kuntsmann v. Aaron Rents, Inc.*, 903 F. Supp. 2d 1258, 1268 (N.D. Ala. 2012) (second requirement met where the plaintiff earned $17.63 per hour on average for five months, assuming 60-hour work weeks, and 150% of minimum wage was $8.78).

Therefore, Freixa was a highly compensated employee who earned nearly double the 150% minimum wage threshold. He has no plausible argument that this second prong of the Retail Sales exemption is not satisfied.

**3. More than half of Plaintiff's compensation represented commissions on goods or services.**

As to the third requirement, more than half of the employee's compensation for a representative period must represent commissions on goods or services. 29 U.S.C. § 207(i). To satisfy this standard, Prestige must show: (1) that Freixa was paid on a bona fide commission basis, and (2) that those commission payments, over a representative period, equal more than 50% of his total compensation. *See Henriquez*, 2013 U.S. Dist. LEXIS at *9-14. In this case, both of these factors are satisfied, because Freixa does not dispute that he was paid on a true commission basis and that a majority of his compensation was from commissions. In 2014, commissions (which Prestige calls "bonuses") represented $43,843.03 of Freixa's $69,343.03 total compensation, or approximately 63%. (SOF ¶¶12, 15.)

With respect to the first factor, Freixa was paid $43,843.03 in bonuses, which qualify as bona fide commissions. (Freixa also received $25,500 in fixed salary in 2014) (SOF ¶¶14, 15.) These bonus payments were based on a percentage of the value of the total number of cruise vacations that Freixa booked. (SOF ¶¶10, 11.) The percentage of the booking value that Personal Vacation Consultants receive in commissions increases as their number of sales increases. (SOF ¶11.)

These sort of payments, increased earnings – based on a percentage of sales – are universally recognized as bona fide commissions; indeed, they are the standard by which other compensation schemes systems are assessed. *See, e.g.*, *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254-56 (11th Cir. 2001); *Henriquez*, 2013 U.S. Dist. LEXIS at *9-10 ("The consensus is that commissions based on a percentage of fees charged to the customers are bona fide commissions for the purposes of [29 U.S.C. § 207(i)].").

With respect to the second factor, Freixa earned approximately 63% of his compensation in 2014 in commissions ($43,843.03 of $69,343.03) – more than the 50% threshold – during the representative period of 2014. (SOF ¶15.) The "representative period" is chosen by the employer and is intended to "typif[y] the total characteristics of an employee's earning pattern in his current employment situation, with respect to the fluctuations of the proportion of his commission earnings to his total compensation." 29 C.F.R. § 779.417(a). The representative period must be at least one month and generally not more than one year. 29 C.F.R. § 779.417(c).

Prestige has designated a representative period of one calendar year for Personal Vacation Consultants, including Freixa, since July 2012. (SOF ¶16.) A one-year representative period is appropriate in this case because demand for cruise vacations varies throughout the year. (SOF ¶17.) Prestige had different sales goals for Personal Vacation Consultants depending on the time of year to take this fluctuating demand into account. (*Id.*) Freixa acknowledged during his deposition that sales would fluctuate during the year and that he made considerably more sales during peak cruise months. (SOF ¶18.) Because Freixa earned approximately 63% of his salary in bonuses, which properly qualify as bona fide commissions, during the representative period of 2014, Prestige satisfies the third requirement of the 7(i) exemption.

Prestige has shown that it satisfies all three requirements of the Retail Sales exemption. Freixa is an exempt employee under the FLSA, and thus is not entitled to overtime. His claim for overtime wages under FLSA fails as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Prestige respectfully requests that the Court grant its Motion for Summary Judgment and enter judgment in its favor on all of Freixa's claims.

## V. REQUEST FOR HEARING

Prestige, by and through its undersigned counsel and pursuant to Local Rule 7.1(b)(2), respectfully requests that oral argument be held on its Motion for Summary Judgment. Prestige respectfully submits that, given the multiple legal issues raised in this Motion, and the importance of this Motion to the determination of this case, Prestige believes that the Court's decision-making process would be significantly aided by oral argument. Prestige estimates that one hour will be necessary for argument.

Dated: January 25, 2016

Respectfully submitted,

*/s/ Larry S. Perlman*

**FOLEY & LARDNER LLP**
Mark J. Neuberger
Florida Bar No. 982024
mneuberger@foley.com
Larry S. Perlman
Florida Bar No. 91934
lperlman@foley.com
2 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
Telephone: (305) 482-8400
Facsimile: (305) 482-8600
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of January, 2016, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of Court using CM/ECF, which will send an electronic notification to all counsel of record, including:

Keith M. Stern, Esq.
LAW OFFICES OF KEITH M. STERN, P.A.
2300 Glades Road, Suite 360W
Boca Raton, Florida 33431
Tel: (561) 299-3703
Fax: (561) 288-9031

Robert Norell, Esq.
300 Northwest 70th Avenue, Suite 305
Plantation, Florida 33317
Tel: (954) 617-6017
Fax: (954) 617-6018

*Attorneys for Plaintiff*

*/s/ Larry S. Perlman*