UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22732-CIV-COOKE/TORRES

SEAN FREIXA, on behalf of himself
and others similarly situated,

     Plaintiff,

     v.

PRESTIGE CRUISE SERVICES LLC,
a Delaware Limited Liability Company,
PRESTIGE CRUISE HOLDINGS, INC.,
a Foreign Corporation, PRESTIGE CRUISES
INTERNATIONAL, INC., a Foreign Corporation,
and XYZ ENTITIES 1-10 (fictitious names of
unknown liable entities),

     Defendants.

_____/

**JOINT AND PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

     Plaintiff, SEAN FREIXA, and Defendants, PRESTIGE CRUISE SERVICES LLC,

PRESTIGE CRUISE HOLDINGS, INC., and PRESTIGE CRUISES

INTERNATIONAL, INC., pursuant to the Court's November 6, 2015 Order Setting Civil

Trial Date and Pretrial Deadlines [D.E. #22], respectfully submit their initial set of

Proposed Jury Instructions and Verdict Forms.  The parties respectfully request the right to

supplement and modify these instructions as necessary and appropriate.

     Respectfully submitted this 2nd day of May, 2016.

**/s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
8333 NW 53rd Street, Suite 450
Doral, Florida 33166

**/s/LARRY S. PERLMAN**
Mark J. Neuberger, Esquire
FL Bar No. 0982024
E-mail: mneuberger@foley.com
Larry S. Perlman, Esquire
FL Bar No. 91934
E-mail: lperlman@foley.com

1

Tel: (561) 299-3703
Fax: (561) 288-9031

**/s/ROBERT S. NORELL**
Robert S. Norell, Esquire
Florida Bar No. 996777
E-mail:  rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 Northwest 70th Avenue, Suite 305
Plantation, Florida 33317
Tel: (954) 617-6017
Fax: (954) 617-6018

Attorneys for Plaintiff

FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131-2132
Phone: 305-482-8400
Fax: 305-482-8600

Attorneys for Defendants

## COURT'S INSTRUCTIONS TO THE JURY
### (PROPOSED BY PLAINTIFF – DEFENDANTS' OBJECT)

*Members of the Jury:*

*Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.*

*It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.*

*You are not to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court just as it would also be a violation of your sworn duty, as judges of facts, to base a verdict upon anything other than the evidence in the case.*

*Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all jurors, and to arrive at a verdict by applying the same rules of law as given in the instructions.*

*You must perform your duty as jurors without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.*

*When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.*

**BASIS OF DEFENDANTS' OBJECTION:**       **No citation of authority.**

APPROVED          _____

DENIED          _____

3

GIVEN AS MODIFIED   _____

# JOINT INSTRUCTION NO. 1
## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Members of the jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"— simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them. First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question

suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it.  If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.  If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit.  When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Prestige operates cruise ships and offers cruise vacations to customers.  Plaintiff,

Sean Freixa, worked for Prestige from December 7, 2013 through December 19, 2014, selling vacations on Regent Seven Seas and Oceania cruises.   Mr. Freixa alleges that Prestige violated the Fair Labor Standards Act (FLSA) law by paying him a salary plus commissions in some weeks, without paying him overtime compensation for his hours worked in excess of Forty (40) hours per week.   Prestige's position is that overtime payments were not required, because, as a commissioned retail sales employee, Mr. Freixa was exempt from overtime entitlement under what is known as the "Retail Sales Exemption."   Mr. Freixa alleges that Prestige did not comply with the law's recordkeeping and substantive requirements to claim the Retail Sales Exemption and that there were numerous weeks in which Mr. Freixa's regular rate of pay was below the hourly rate required to meet that Exemption, while Prestige contends that those criteria were indeed satisfied.  Finally, the parties disagree about how many hours Mr. Freixa worked each week and how often Mr. Freixa worked in excess of Forty (40) hours per week.


Burden of proof:

Sean Freixa has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Freixa must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Freixa and the evidence favoring Prestige on opposite sides of balancing scales, Mr. Freixa needs to make the scales tip to his side. If Mr. Freixa fails to meet this burden, you must find in favor of Prestige.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Prestige has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Prestige must prove for any affirmative defense. After considering all the evidence, if you decide that Prestige has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.


Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court.  But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating.

You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiff, Sean Freixa, will present his witnesses and ask them questions. After the Plaintiff questions the witness, Defendants, Prestige Cruises, may ask the witness questions—this is called "cross- examining" the witness. Then the Defendants will present their witnesses, and the Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

8

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 1.1

APPROVED                         _____

DENIED                           _____

GIVEN AS MODIFIED      _____

## JOINT INSTRUCTION NO. 2
## JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Source**: 11th Circuit Civil Pattern Jury Instructions (2013) 1.4

APPROVED                _____

DENIED                _____

GIVEN AS MODIFIED        _____

**JOINT INSTRUCTION NO. 3**
**THE DUTY TO FOLLOW INSTRUCTIONS**
**(Corporate Party Involved)**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 3.2.2.

APPROVED                         _____

DENIED                            _____

GIVEN AS MODIFIED         _____

## JOINT INSTRUCTION NO. 4
## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL
## EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY
## THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 3.3

APPROVED             _____

DENIED               _____

GIVEN AS MODIFIED        _____

12

## JOINT INSTRUCTION NO. 5
## USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 2.2

APPROVED              _____

DENIED                _____

GIVEN AS MODIFIED        _____

**JOINT INSTRUCTION NO. 6**
**USE OF INTERROGATORIES**


During the trial, you may hear answers that the Plaintiff or the Defendants gave in response to written questions the other side submitted.  The questions are called "interrogatories." Before the trial, both the Plaintiff and the Defendants gave the answers in writing while under oath.

You must consider the Plaintiff's and Defendants' answers to as though they gave the answers on the witness stand.


**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 2.6 (modified)

APPROVED                    _____

DENIED                        _____

GIVEN AS MODIFIED        _____

14

## JOINT INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 3.4.

APPROVED              _____

DENIED                _____

GIVEN AS MODIFIED     _____

# JOINT INSTRUCTION NO. 8
# IMPEACHMENT OF WITNESSES
### (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 3.5.1.

APPROVED                    _____

DENIED                         _____

GIVEN AS MODIFIED       _____

16

JOINT INSTRUCTION NO. 9
BURDEN OF PROOF
(PARTIALLY OBJECTED TO BY DEFENDANTS)

*In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."*

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim is more likely true than not true.

You should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the claim or the defense by a preponderance of the evidence, you should find against the party making that claim or defense.

**BASIS OF DEFENDANTS' OBJECTION:**   This instruction misstates Defendants' burdens of proof. As Pattern Jury Instruction 1.1 provides, only affirmative defenses, not all defenses, are subject to the preponderance of the evidence standard. Defendants' additions to Joint Instruction No. 1 and Defendants' proposed Joint Instruction No. 10 correctly address this standard.

**Source**: 11th Circuit Civil Pattern Jury Instructions (2013), 1.2, 3.7.1, 3.7.2.

APPROVED                    _____

DENIED                         _____

GIVEN AS MODIFIED      _____

17

## JOINT INSTRUCTION NO. 10
## BURDEN OF PROOF

In this case it is the responsibility of Sean Freixa to prove every essential part of his claim for overtime compensation under the FLSA by a "preponderance of the evidence." Likewise, Prestige is responsible for proving its defense that Sean Freixa's employment was exempt from entitlement to overtime compensation by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Freixa's claim or Prestige's defense is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013), 3.7.1.

APPROVED                         _____

DENIED                           _____

GIVEN AS MODIFIED       _____

18

JOINT INSTRUCTION NO. 11
STIPULATIONS

(OBJECTED TO BY PLAINTIFF)

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. The parties have stipulated to the following facts:

A.   At all times material to Plaintiff's Complaint, Defendants owned and/or operated a business specializing in the sale and provision of cruise services.

B.   When Plaintiff was hired as a "Personal Vacation Consultant" (PVC) in December 2013, Plaintiff was informed that the job would take a lot of time to carry out the sales duties.

C.   Plaintiff had never sold travel services or leisure activities prior to working for Prestige.

D.   Freixa was employed as a "Personal Vacation Consultant," a/k/a Sales Representative at Defendants' call center located at 8300 NW 33rd Street, Miami, Florida 33122.

E.   Freixa was employed between December 7, 2013 and December 19, 2014.

F.   After going through two (2) weeks of sales training in December 2013, Plaintiff began actively working on the sales floor in Defendants' Miami call center on December 27, 2013.

G.   Freixa, at all times during his employment, was a Personal Vacation Consultant whose job was to sell cruises directly to customers – members of the general public, who then sailed on those cruises.

H.   Freixa never sold cruises to travel agents.

I.   Freixa solicited and booked sales directly with individuals who wanted to take a cruise, and earned commissions for booking such cruises.

19

J.      The FLSA's minimum wage in 2014 was $7.25 per hour.

K.      The Florida minimum wage in 2014 was $7.93 per hour.

L.      Defendants' work week began on Saturday and ended on Friday.

M.      Freixa was paid a fixed salary of $500.00 per week, or $26,000.00 per year throughout his employment.

N.      In addition to his fixed salary, Freixa was paid commissions, based upon the sales he made to cruise passengers.

O.      The percentage of the booking value that Personal Vacation Consultants received in commissions increase as their number of sales increased.

P.      Under Defendants' 2014 commission structure for Plaintiff and other PVCs, if less than four (4) bookings—or sales—per month were made, Defendants paid no commissions.

Q.      Gross Bookings minus Cancellations produce the "Net Bookings" for the month.

R.      Defendants' daily dial requirements for Plaintiff and other PVCs was three (3) hours, or 180 minutes, of phone time with a minimum expectation of 80 combined dials in/out per day.

S.      Defendants' Dialer Reports, which were produced in this case as documents Bates Nos. DEF000571-583, contain information about the hours spent by Plaintiff on the telephone and the dials made through a combination of inbound and outbound hours on the phone in Defendants' call center.

T.      Plaintiff gained access into the outbound sales department in Defendants' call center by using a pass, or access, card.

U.      When Plaintiff worked in Defendants' call center on Saturdays

and/or Sundays, his hours varied between the morning, afternoon, and evening.

V.    There was typically a sales team meeting each morning in the Miami call center, starting around 9:50 a.m. and lasting 10-15 minutes.

W.    Freixa was paid a total of $70,343.03 during his employment with Defendant Prestige Cruise Services LLC, from December 7, 2013 through December 19, 2014.

X.    Freixa earned approximately 63% of his compensation in 2014 in commissions ($43,843.03 of $69,343.03).

Y.    Demand for cruise vacations varies throughout the year. This is because of seasonality in the cruise business and the fact that "wave periods" occur throughout different times of the year, when various itineraries are opened for sale.

Z.    Freixa acknowledges that sales would fluctuate during the year and that he made considerably more sales during peak cruise months.

AA.  During one or more weeks during Plaintiff's employment with Defendants between December 2013 and December 2014, Plaintiff worked in excess of Forty (40) hours in a work week.

BB.  Defendants did not pay Plaintiff time and one-half of his regular rate of pay for any hours Plaintiff worked in excess of Forty (40) hours per week between December 2013 and December 2014.

**BASIS OF PLAINTIFF'S OBJECTION:   Stipulated facts may or may not be relevant and admissible at the close of all of the evidence.**

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 1.4; Joint Pretrial Stipulation, Dkt. No. 62.

APPROVED            _____

DENIED              _____

GIVEN AS MODIFIED    _____

22

JOINT INSTRUCTION NO. 12
BROAD INSTRUCTION – OVERVIEW OF FAIR LABOR STANDARDS ACT

(OBJECTED TO BY DEFENDANTS)

*This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half wages as overtime compensation for hours worked in excess of Forty (40) hours in any single work week.  The Plaintiff claims that the Defendants did not pay him the overtime wages required by law for his work between December 2013 and December 2014.  The Defendants assert that the FLSA's overtime compensation requirements did not apply to the Plaintiff because of an exemption from the FLSA's requirements.*

*You must return a verdict for the Defendants if the preponderance of the evidence does not support the Plaintiff's claim of working more than 40 hours in any single work week between December 2013 and December 2014.*

*If, however, you find that the preponderance of the evidence demonstrates that the Plaintiff worked more than Forty (40) hours in any single work week and is entitled to recovery from Defendants, then the measure of the Plaintiff's damages is the amount of money Plaintiff is owed for his overtime hours worked.*

**BASIS OF DEFENDANTS' OBJECTION:**  This instruction covers topics appropriately addressed in the Eleventh Circuit Civil Pattern Jury Instructions No. 4.14; there is no reason to resort to outside authority.  Doing so only confuses the issues, because as stated by Plaintiff here, this instruction's third paragraph incorrectly gives the jury the impression that as long as Plaintiff worked over 40 hours in a week, Plaintiff must recover.

**Source**:     11th Circuit Civil Pattern Jury Instructions (2013) 4.14, Federal Employment Jury Instructions, §6:30 Pattern Jury Instructions, Labor and Employment Claims, No. 11.1 (5th Cir. 1992 ed.)

APPROVED              _____

DENIED                _____

GIVEN AS MODIFIED     _____

23

JOINT INSTRUCTION NO. 13
ELEMENTS OF PLAINTIFF'S OVERTIME CLAIM UNDER THE FLSA

(PARTIALLY OBJECTED TO BY DEFENDANTS)

The Plaintiff, Sean Freixa, claims that Defendants, Prestige Cruises, did not pay the overtime wages required by the federal Fair Labor Standards Act (FLSA).

To succeed on his claim against Prestige Cruises, Mr. Freixa must prove each of the following facts by a preponderance of the evidence:

> *First*:    *Mr. Freixa was an employee; and*
>
> *Second*:   *Prestige Cruises failed to pay Mr. Freixa the overtime wages required by law for hours he worked in excess of Forty (40) hours per week during one or more weeks between December 2013 and December 2014.*

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues].

The first element is undisputed in this case. The parties agree that Mr. Freixa was an employee who worked in the position of "Personal Vacation Consultant" between December 7, 2013 and December 19, 2014.

*Second, the parties agree that during one or more weeks during Mr. Freixa's employment with Prestige Cruises between December 2013 and December 2014, the Plaintiff worked in excess of Forty (40) hours in a work week but was not paid time and one-half of his regular rate of pay for any hours he worked in excess of Forty (40) hours per week. Rather, the parties agree that Prestige Cruises paid Mr. Freixa a fixed salary of $500.00 per week, or $26,000.00 per year, plus commissions based upon the sales he made to cruise passengers.*

**BASIS OF DEFENDANTS' OBJECTION:** This instruction incompletely follows Pattern Jury Instruction 4.14. As stated, the instruction minimizes the impact of Defendants' "Retail Sales Exemption" affirmative defense. The information selectively included in this proposed instruction is better addressed in Joint Instructions No. 11 and 14.

**Source**: 11th Circuit Civil Pattern Jury Instructions (2013) 4.14

APPROVED            _____

DENIED                    _____

GIVEN AS MODIFIED    _____

JOINT INSTRUCTION NO. 14
ELEMENTS OF FAIR LABOR STANDARDS ACT CLAIM

(OBJECTED TO BY PLAINTIFF)

In this case, Sean Freixa claims that Prestige did not pay Sean Freixa overtime pay required by the federal FLSA.

To succeed on his claim against Prestige, Sean Freixa must prove each of the following facts by a preponderance of the evidence:

First:    Sean Freixa was an employee of Prestige and was engaged in commerce.  The Parties have stipulated to this fact and it is not an issue in this case that you need to decide; and

Second: Prestige failed to pay Sean Freixa overtime pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by [40/the total number of hours Sean Freixa weekly salary was intended to compensate]. To calculate how much overtime pay was owed to Sean Freixa for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Prestige failed to pay Sean Freixa the required overtime pay if they paid him less than that amount.]

In this case, Prestige claims that it is exempt from the FLSA's

overtime provisions. To establish that it is exempt, Prestige must prove each of the following facts by a preponderance of the evidence:

      1. the employee must be employed by a retail or service establishment, and

      2. the employee's regular rate of pay must exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are worked, and

      3. more than half the employee's total earnings in a representative period must consist of commissions.

      If you find that Prestige is exempt (with respect to Sean Freixa's employment), you will not decide the issue of Sean Freixa's damages. But if you find that Prestige is not exempt, you must decide the issue of Sean Freixa's damages.

      The amount of damages is the difference between the amount Sean Freixa should have been paid and the amount he was actually paid. Sean Freixa is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit July 22, 2015.

**BASIS OF PLAINTIFF'S OBJECTION:**   Defendants' proposed instruction contains in incomplete recitation of the legal standards the jury must follow and likewise includes information which is not at issue in this case, such as the 3rd year of the FLSA's statute of limitations period, as all of Plaintiff's claims arise within the 2 year SOL period anyway (December 2013 to December 2014).

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 4.14; 29 U.S.C. §207(i)

APPROVED        _____

DENIED         _____

GIVEN AS MODIFIED   _____

JOINT INSTRUCTION NO. 15
EMPLOYER'S DUTY TO MAINTAIN TIME RECORDS

(OBJECTED TO BY DEFENDANTS)

*Pursuant to the Fair Labor Standards Act, employers are required to keep records of the number of hours actually worked by their employees. The law requires that those records show the number of hours an employee worked each work day and the total hours worked during each work week.*

*If an employer failed to maintain the time records required by the FLSA, you may award damages to the Plaintiff even if the Plaintiff has not proved the precise extent of all of his overtime hours worked.  In this regard, if you find the Plaintiff has proved the amount and extent of his overtime hours of work as a matter of just and reasonable inference, the burden then shifts to the Defendants as the employer to come forward with evidence of the precise number of hours Plaintiff worked during every work week, or with evidence to negate the reasonableness of the inferences to be drawn from the Plaintiff's evidence.  As a result, you may award damages to the Plaintiff based on the inference created by the Plaintiff's evidence.*

**BASIS OF DEFENDANTS' OBJECTION:**   This instruction omits key parts of 11th Circuit Civil Pattern Jury Instruction 4.14, including the instruction that Plaintiff bears the burden of proving, "by a preponderance of the evidence, a reasonable estimation of the amount      and      extent      of      the      work      for      which      he      seeks      pay."

Therefore, if the Court determines that a "Failure to Keep Records" instruction is necessary, such instruction shall consist of the following language, directly from Instruction 4.14:

**Inadequate Records: The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Sean Freixa claims that Prestige failed to keep and maintain adequate records of his hours and pay.  Sean Freixa also claims that Prestige's failure to keep and maintain adequate records has made it difficult for Sean Freixa to prove the exact amount of his claim. If you find that Prestige failed to keep adequate time and pay records for Sean Freixa and that Sean Freixa performed work for which he should have been paid, Sean Freixa may recover a reasonable estimation of the amount of his damages. But to recover this amount, Sean**

29

Feeixa must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

**Source**:     29 U.S.C. § 211(c); 29 C.F.R. §516.2 and §516.6; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Brock v. Norman, 835 F. 2d 823 (1st Cir. 1988); 11th Circuit Civil Pattern Jury Instructions (2013) 4.14

APPROVED               _____

DENIED                    _____

GIVEN AS MODIFIED      _____

## JOINT INSTRUCTION NO. 16
## OVERTIME CALCULATED ON A WEEK-BY-WEEK BASIS

Under the law, all work weeks stand alone.  This means that it is necessary for you to determine the hours worked by the Plaintiff on a week by week basis in determining how many hours he worked over Forty (40) hours in any single work week.  The law does not permit the averaging of hours worked among work weeks.  As a result, you cannot reduce the number of overtime hours you find the Plaintiff worked by hours he did *not* work in other weeks.

For example, if an employee worked 60 hours during one week and 20 hours the next week, that employee must be found to have worked 20 overtime hours during the first week.  As a result, you cannot find the employee worked less than 20 overtime hours because the employee, another work week, worked fewer than 40 hours.

**Source**:        29 U.S.C. §207; 29 C.F.R. §778.103 & §778.104

APPROVED            _____

DENIED            _____

GIVEN AS MODIFIED        _____

31

JOINT INSTRUCTION NO. 17
HOURS WORKED AND DEDUCTIONS

**(OBJECTED TO BY DEFENDANTS)**

*Under the law, an employee must be paid for all hours worked.  Hours worked include any time the employee is permitted to work, whether requested or required by the employer or not.  Work performed away from the employer's premises, while running errands, or while waiting, is hours worked.  Rest or other periods of 20 minutes or less may not be deducted from the hours worked by an employee and must, therefore, be counted as hours of work.  Actual meal periods of 20 minutes or more during which the employee performs no duties and is completely relieved from duty are not hours worked.*

*An employer may not attempt to add together separate periods less than 20 minutes in duration to create a deduction from actual work hours.  As an example, an employee who takes six (6) breaks of ten (10) minutes each is not subject to a one (1) hour deduction.  Likewise, an employer cannot add together three (3) separate 19-minute periods and claim the employee should have 57 minutes deducted from their actual work time.*

**BASIS OF DEFENDANTS' OBJECTION:**  This instruction is not relevant to the case. This case involves analysis of whether or not Plaintiff was exempt.  There is no claim that meal or rest periods have been improperly tracked, or that rest periods are improperly counted as time worked.  The authority cited by Plaintiff generally involves situations where exempt status was not at issue, where non-exempt employees' earnings were improperly deducted for time worked.  This jury instruction will unduly prejudice the jury into believing that Defendants may have committed violations that are not even at issue here.

**Source**:          29 C.F.R. §§785.18, 785.19; Martin v. Waldbaum, Inc., 1993 U.S. Dist. LEXIS 16007 at *5-6 (E.D.N.Y. Oct. 14, 1992); Usery v. Godwin Hardware, Inc., 426 F.Supp. 1243, 1265 (W.D. Mich. 1976); Brennan v. State of New Jersey, 364 F.Supp. 156, 158 (D. N.J. 1973); Mitchell v. Turner, 286 F.2d 104, (5th Cir. 1960).

APPROVED          _____

DENIED          _____

GIVEN AS MODIFIED          _____

## JOINT INSTRUCTION NO. 18
## SALARY BASIS

### (OBJECTED TO BY DEFENDANTS)

*An employee is considered to be paid on a "salary basis" within the meaning of the law if the employee regularly receives each pay period, or weekly basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.*

*Deductions from pay may be made when an employee is absent from work for a full day for personal reasons, other than sickness or disability. Thus, if an employee is absent for two (2) full days to handle personal matters, the employee's salaried status will not be affected if deductions are made from the salary for those two (2) full day absences. However, if an employee is absent for half a day, for example, the employer cannot deduct that partial day's absence.*

**BASIS OF DEFENDANTS' OBJECTION:** This instruction misconstrues the facts of the case. Plaintiff was not paid on a pure salary basis. He was paid commission plus a fixed salary, pursuant to the "Retail Sales" exemption. Additionally, there is no allegation or evidence suggesting that partial day absences were deducted. Permitting this instruction will unduly prejudice the jury into believing that Defendants may have committed violations that are not even at issue here.

**Source**:        29 C.F.R. §541.602

APPROVED        _____

DENIED        _____

GIVEN AS MODIFIED        _____

JOINT INSTRUCTION NO. 19
OVERTIME RATE

**(OBJECTED TO BY DEFENDANTS)**

*The Fair Labor Standards Act obligates an employer to pay its non-exempt employees time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) in a single work week.   However, the law does permit employers to compensate employees on a salaried basis so long as the employee receives compensation for all overtime hours worked at a rate of not less than one half of her regular rate of pay.*

*An employee who is paid a salary may have hours which fluctuate from week to week.   Under the law, a salaried employee's regular rate of pay is determined by dividing the employee's weekly pay by the number of hours for which the salary was intended to compensate the employee.   An employee's regular rate of pay is the applicable rate per hour.   Under this arrangement, an employee is entitled to one-half of her regular rate of pay for each hour she worked in excess of Forty (40) in a work week, up to the number of hours for which the salary was intended to compensate the employee.   For any hours worked by the employee which are greater than the number of hours which the salary was intended to cover, the employee is entitled to time and one-half of her regular rate of pay.*

*For example, where an employee was paid a weekly salary of $500.00/week, if you find that this salary was intended to compensate the employee for all of his hours worked each week, then you are to divide his salary by the number of hours you find that he worked each week and then calculate the half-time rate he is owed.   Thus, if you find that the employee worked 65 hours/week and that his salary was intended to compensate her for all of her hours worked, then you are to divide $500.00 by 65 hours, which produces a regular rate of $7.69/hour, in which case the employee is owed "half-time" wages at the rate of $3.85/hour multiplied by those 25 hours of overtime per week.*

*However, if you find the employee's salary of $500.00/week was only intended to compensate him for 40 hours of work per week (or some other number of hours), you are to calculate the damages by dividing by the number of hours you find the salary was intended to cover and then calculate the time and one-half rate.   For example, if you find that the employee's salary was intended to compensate him for 40 hours of work per week, you are to divide his weekly salary of $500.00 by 40 hours, which produces a regular rate of $12.50/hour.   In this instance, you are to multiply the employee's regular*

34

*rate of $12.50/hour by time and one-half, such that the applicable overtime rate would be $18.75/hour.   You would then multiple this "time and one-half" rate times the number of overtime hours you find the employee worked each week.*

**BASIS OF DEFENDANT'S OBJECTION:**  This instruction inappropriately asks the jury to determine the legal question of how to allocate damages to improperly classified exempt employees in the Eleventh Circuit.  Under the circumstances of this case, where Plaintiff has admitted that his hours fluctuated, and he was subject to a clear payment plan intended to cover all hours worked, the "half-time" method of damages calculation is appropriate. Accordingly, Proposed Joint Instruction No. 25 is the proper instruction regarding this issue.

**Source**:        29 U.S.C. §207; 29 C.F.R. §§778.109, 778.113; <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259, 1262-1269 (11th Cir. 2008).

APPROVED            _____

DENIED            _____

GIVEN AS MODIFIED        _____

JOINT INSTRUCTION NO. 20
"RETAIL SALES EXEMPTION" EXEMPTION DEFENSE

(OBJECTED TO BY DEFENDANTS)

To establish that the Plaintiff, Sean Freixa, was exempt from the FLSA's overtime compensation provisions under the "Retail Sales Exemption" 29 U.S.C., §207(i), during each and every work week between December 2013 and December 2014, the Defendants, Prestige Cruises, must prove by a preponderance of the evidence that:

(1) the Plaintiff was employed by a retail or service establishment; and

(2) during every week between December 2013 and December 2014, the Plaintiff's regular rate of pay exceeded one and one-half times the applicable minimum wage for every hour the Plaintiff worked in any workweeks in which he worked over 40 hours per week; and

(3) more than half the Plaintiff's total earnings in a representative period must consist of commissions.

The first element of Defendants' "Retail Sales Exemption" defense is undisputed in this case.

To meet the regular rate requirements under §207(i), the Defendants must prove that Mr. Freixa's regular rate of pay was more than one and one-half times the federal minimum wage of $7.25/hour, or greater than $10.88/hour, for every hour he worked in any workweek in which overtime hours were worked for Defendants.

The regular rate of pay is the hourly rate actually paid to an employee for the normal, non-overtime workweek for which he is employed and must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of non-overtime payments.

In determining an Mr. Freixa's regular rate for each week between December 2013 and December 2014, "a single workweek" is the standard. In this regard, the law prohibits the averaging of hours over the course of two (2) or more weeks to calculate the regular rate. Rather, the regular rate is a rate per hour that has to be computed for each week Mr. Freixa worked between December 2013 and December 2014 by a mathematical computation in which the Plaintiff's hours worked are divided into his

*straight-time earnings to obtain the regular rate.*

*If you find that there were any work weeks between December 2013 and December 2014 in which Mr. Freixa worked overtime hours but had a regular rate of pay that was less than $10.89/hour, the Defendants' "Retail Sales Exemption" cannot apply in those weeks and you must determine the amount of Mr. Freixa's damages for all such weeks.*

**BASIS FOR DEFENDANTS' OBJECTIONS:** First, as stated in objecting to Joint Instruction 13, splitting the description of the FLSA and the Retail Sales Exemption incompletely follows Pattern Jury Instruction 4.14 and minimizes the impact of Defendants' "Retail Sales Exemption" affirmative defense.

Second, Defendants' dispute that for purposes of the Retail Sales exemption, for each individual week "Plaintiff's hours worked are divided into his straight-time earnings to obtain the regular rate." As Defendants have briefed extensively in the summary judgment pleadings, it is appropriate and proper to apportion commission payments over a number of weeks, and here, over Plaintiff's course of employment. 29 C.F.R. § 778.120; *Henriquez v. Total Bike, LLC*, No. 13-20417-CIV-MORENO, 2013 U.S. Dist. LEXIS 179592, at *8-9 (S.D. Fla. Dec. 23, 2013) *Kuntsmann v. Aaron Rents, Inc.*, 903 F. Supp. 2d 1258, 1268 (N.D. Ala. 2012).

**Source**:     29 U.S.C. §207(i); 29 C.F.R. §779.419; 29 C.F.R. §778.104; Walling v. Youngerman– Reynolds Hardwood, Co., 325 U.S. 419, 424 (1945); Rodriguez v. Home Heroes, LLC, 2015 U.S. Dist. LEXIS 18769 at *23 (M.D. Fla. Feb. 17, 2015); Johnson v. Wave Comm GR LLC, 4 F. Supp. 3d 423 (N.D.N.Y. 2014); Selz v. Investools, 2011 U.S. Dist. LEXIS 9364 at *30-31 (D. Utah Jan. 27, 2011); Viciedo v. New Horizons Computer Learning Center of Columbus, Ltd., 246 F. Supp. 2d 886, 895 (S.D. Ohio 2003).

APPROVED            _____

DENIED            _____

GIVEN AS MODIFIED            _____

JOINT INSTRUCTION NO. 21
DEFENDANTS' BURDEN ON THE "RETAIL SALES EXEMPTION" DEFENSE

(OBJECTED TO BY DEFENDANTS)

*The Fair Labor Standards Act (FLSA) is liberally interpreted in an employee's favor, and exemptions from the overtime provisions of the FLSA must be narrowly construed against an employer. Consequently, the Defendants, Prestige Cruises, must prove the applicability of each element of their asserted exemption defense known as the "Retail Sales Exemption," 29 U.S.C. §207(i), by "clear and affirmative evidence."*

**BASIS FOR DEFENDANTS' OBJECTION:**   First, as stated in objecting to Joint Instruction 13, splitting the description of the FLSA and the Retail Sales Exemption incompletely follows Pattern Jury Instruction 4.14 and minimizes the impact of Defendants' "Retail Sales Exemption" affirmative defense.  Second, Plaintiff is incorrect in asserting a higher evidentiary standard for a defendant claiming an FLSA exemption.  *See Jones v. Tucker Communs., Inc.*, 2013 U.S. Dist. LEXIS 163509, 12-13 (M.D. Ga. Nov. 18, 2013), citing *Lederman v. Frontier Fire Prot., Inc.*, 685 F.3d 1151, 1158 (10th Cir. 2012) ("In sum then, just as some courts have mistakenly viewed 'clear and affirmative evidence' as a heightened evidentiary standard, the same is true with the phrase 'plainly and unmistakably.'"); *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501-02 (6th Cir. 2007) ("[W]e have now made it clear that the employer claiming an FLSA exemption does not bear any heightened evidentiary burden"); *Yi v. Sterling Collision Ctrs., Inc.*, 480 F.3d 505, 508 (7th Cir. 2007)).

**Source:**       Gregory v. First Title of Am., Inc., 555 F.3d 1300, 1302 (11th Cir. 2009); Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004); Klinedinst v. Swift Investments, Inc., 260 F.3d 1251, 1254 (11th Cir. 2001); Birdwell v. City of Gadsden, Alabama, 970 F.2d 802, 805 (11th Cir. 1992); Tony & Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 296 (1985); Mitchell v. Lublin, McGaughy & Assoc., 358 U.S. 207, 211 (1959).

APPROVED              _____


DENIED                   _____


GIVEN AS MODIFIED        _____

## JOINT INSTRUCTION NO. 22
## THE FLSA'S REQUIREMENTS FOR DESIGNATING A "REPRESENTATIVE PERIOD" FOR PURPOSES OF THE "RETAIL SALES EXEMPTION"

### (OBJECTED TO BY DEFENDANTS)

*Under the FLSA, an employer seeking to shield itself from the law's overtime compensation requirements under the "Retail Sales Exemption" is required to have chosen a "representative period" that was substantiated and affirmatively designated in the employer's records. The absence of such a designation is a violation of the FLSA's recordkeeping requirements and serves as grounds for denying the exemption outright.*

*The representative period for determining whether more than half of an employee's compensation represents commissions cannot be less than one (1) month or longer than one (1) year and the period chosen by an employer should be long enough to stabilize the measure of the balance between the portions of the employee's compensation which respectively represent commissions and other earnings, against purely seasonal or plainly temporary changes.*

*For each employee of a retail or service establishment who is classified as exempt from the overtime pay requirements of the FLSA pursuant to the 7i Exemption, the law requires employers to maintain and preserve payroll and time records for employees and in addition, create and maintain the following records:*

*(a) A symbol, letter or other notation placed on the payroll records identifying each employee who is paid pursuant to section 7(i).*

*(b) A copy of the agreement or understanding under which section 7(i) is utilized or, if such agreement or understanding is not in writing, a memorandum summarizing its terms including the basis of compensation, the applicable representative period and the date the agreement was entered into and how long it remains in effect. Such agreements or understandings, or summaries may be individually or collectively drawn up.*

*(c) Total compensation paid to each employee each pay period (showing separately the amount of commissions and the amount of non-commission straight-time earnings).*

*Finally, the FLSA requires that employers who use a 6 month or 1-year representative period under the "Retail Sales Exemption" re-test the applicability of the 7i Exemption to covered employees each and every quarter to include in it the most recent two quarter-years or four-quarter years, as the case may be. The quarterly re-computation is intended to ensure that the period used by an employer reflects any gradual changes in the characteristics of the employment which could be important in determining the ratio between compensation representing commissions and other compensation in the current employment situation of the employee.*

**BASIS FOR DEFENDANTS' OBJECTIONS**: This proposed instruction does not invite the jury's factual finding as to whether or not an appropriate representative period was selected.  Instead, it inappropriately describes an issue of law that is currently before the court – the effect of recordkeeping violations on an otherwise valid exemption.

Alleged recordkeeping violations, such as those raised in this instruction, do not give rise to a private right of action.  *Farmer v. DirectSat United States*, No. 08 C 3962, 2010 U.S. Dist. LEXIS 105738, at *35-36 (N.D. Ill. Oct. 4, 2010) ("Plaintiffs cannot maintain a stand-alone private  cause of action for record keeping violations under the FLSA. . . . In fact, **only the United States Department of Labor's Administrator of the Wage and Hour Division** can bring a recordkeeping enforcement action under the FLSA."); *Johnson v. TGF Precision Haircutters, Inc.*, No. H-03-3641, 2005 U.S. Dist. LEXIS 44259, at *29 n.5 (S.D. Tex. 2005).

Such violations are also not a basis for overtime liability.  *See Forster v. Smartstream, Inc.*, No. 3:13-cv-866-J-PDB, 2016 U.S. Dist. LEXIS 1148 (M.D. Fla. Jan. 6, 2016); *Alvarado v. Corporate Cleaning Serv., Inc.*, No. 07 C 06361, 2013 U.S. Dist. LEXIS 163894, at *36 n.8 (N.D. Ill. Nov. 18, 2013); *Viciedo v. New Horizons Computer Learning Ctr. of Columbus, Ltd.*, 246 F. Supp. 2d 886, 899-900 (S.D. Ohio 2003).

**Source**:     29 U.S.C. §207(i); 29 C.F.R. §516.16; 29 C.F.R. §779.417; See Exhibit 19: DOL Field Operations Handbook, 21(h)(05); Rodriguez v. Home Heroes, LLC, 2015 U.S. Dist. LEXIS 18769 at *23 (M.D. Fla. Feb. 17, 2015); Viciedo v. New Horizons Computer Learning Center of Columbus, Ltd., 246 F. Supp. 2d 886, 895 (S.D. Ohio 2003).


APPROVED               _____

DENIED                 _____

GIVEN AS MODIFIED       _____

JOINT INSTRUCTION NO. 23
DAMAGES ONLY SHOULD BE AWARDED FOR TIME PERIODS DURING
WHICH PLAINTIFF WAS NOT EXEMPT

(OBJECTED TO BY PLAINTIFF)

Whether or not Mr. Freixa's employment was exempt from overtime payments is determined on a week by week basis.

Accordingly, you may determine that Prestige satisfied (by a preponderance of the evidence) the requirements for the Retail Sales Exemption during some weeks of Mr. Freixa's employment, but did not satisfy the requirements for the Retail Sales Exemption during other weeks of Mr. Freixa's employment.

Mr. Freixa is only entitled to overtime compensation for those weeks (if any) that you conclude Prestige did not satisfy the requirements for the Retail Sales Exemption.


**BASIS OF PLAINTIFF'S OBJECTION**:   Defendants' proposed instruction is an incomplete and therefore inaccurate recitation of the application of Defendants' 7i Exemption Defense.  Defendants' defense may be denied in its entirety—not simply for certain work weeks—if, for example, Defendants are found to have failed to properly designate a representative period or other requirements of the law are not met.  Conversely, if Defendants were to be able to establish all of the other requirements for the 7i defense were met and the sole factual issue remaining for the jury was whether Defendants can prove that Plaintiff's regular rate of pay was exceeded one and one-half times the applicable minimum wage for every hour the Plaintiff worked in any workweek in which overtime hours were worked, then the rest of Defendants' proposed instruction might be implicated.


**Source**:  29 C.F.R § 778.104

APPROVED             _____

DENIED               _____

GIVEN AS MODIFIED          _____

JOINT INSTRUCTION NO. 24
REGULAR RATE OF PAY

(OBJECTED TO BY PLAINTIFF)


The "regular rate of pay" is the hourly rate actually paid to the employee for the normal, nonovertime workweek for which the employee is employed. The hourly rate of pay can be determined by dividing the employee's total nonovertime workweek compensation by the number of hours worked during the workweek (up to 40).

Commissions earned by Mr. Freixa should be considered in determining his regular rate of pay. When factoring commissions into a regular rate of pay, you may apportion them over the time period during which they were earned. In other words, while commission may be paid on a certain date, to calculate the regular rate of pay, it is necessary that the commission be apportioned back over the workweeks of the period during which it was earned.

For example, if you conclude that Prestige paid Mr. Freixa in April for commission that he earned in March, then you must apportion the April commission payment to the weeks in March during which he worked and earned those commissions.


**BASIS OF PLAINTIFF'S OBJECTION:**   Defendants' description of the law's requirements for the Regular Rate are inaccurate, incomplete, and misleading. See, e.g., Rodriguez v. Home Heroes, LLC, 2015 U.S. Dist. LEXIS 18769 at *23 (M.D. Fla. Feb. 17, 2015) (quoting 29 C.F.R. §779.419(b) (denying employer summary judgment on the 7i exemption specifically because the law does not permit the combining of multiple work weeks or averaging hours over multiple weeks when calculating the applicable regular rate under 7i)). Rather, in determining an employee's regular rate for purposes of Section 7i, "a single workweek" is the standard and the law prohibits the averaging of hours over the course of two or more weeks to calculate the rate. See 29 C.F.R. §778.104. Home Heroes, LLC, 2015 U.S. Dist. LEXIS 18769 at *23; Johnson v. Wave Comm GR LLC, 4 F. Supp. 3d 423 (N.D.N.Y. 2014). Moreover, 29 C.F.R. §778.120, "Deferred commission payments not identifiable as earned in particular workweeks," is a regulation which governs how employers must calculate overtime compensation for commission employees to whom overtime is in fact being paid, not employees classified as exempt. For commissioned employees who are actually being paid overtime wages, under §778.120, where the employee earns an *equal amount* of commissions in each week of a 4-week commission

computation period, an employer has to "compute any additional overtime due on [that commission] amount," see §778.120(a), and employers are then permitted to "divide the total amount of commission by the number of weeks for which it represents *additional* compensation to get the amount of commission allocable to each week." Id. (emphasis added).  However, §778.120 does not change the FLSA's 7i Exemption standards in any way as Defendants contend.

**Source**:   11th Circuit Civil Pattern Jury Instructions 4.14; 29 CFR §778.119, 29 CFR §778.120.

APPROVED              _____

DENIED                    _____

GIVEN AS MODIFIED       _____

JOINT INSTRUCTION NO. 25
CALCULATION OF OVERTIME DAMAGES

(OBJECTED TO BY PLAINTIFF)


**Because Prestige classified Sean Freixa as exempt, and because Sean Freixa's hours worked varied from week to week, Prestige intended for his commission and salary wages to cover all hours worked in any particular workweek. Accordingly, if you determine that Sean Freixa was entitled to overtime for certain weeks of his employment, you should find that he recovers one-half of his regular rate for each hour over forty in that week.**

**For example, if you determine that Sean Freica worked 60 hours in a particular week that he was non-exempt, and his regular rate for that week was 20 dollars ($20.00) per hour, you should calculate his damages for that week as follows:**

**20 hours overtime x $10.00/hour (one half of $20.00 regular rate) = $200.**


**BASIS OF PLAINTIFF'S OBJECTION:**  Defendants' method of calculation of Plaintiff's damages misstates the facts and the law.


**Source**:  *Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379 (S.D. Fla. 2007); *Linscheid v. Natus US Med., Inc.*, 2015 U.S. Dist. LEXIS 40255 (N.D. Ga. Mar. 30, 2015); Pl.'s Response to Interrogatory No. 4.

APPROVED          _____

DENIED          _____

GIVEN AS MODIFIED          _____

JOINT INSTRUCTION NO. 26
REST PERIODS

(OBJECTED TO BY DEFENDANTS)


*Rest periods of short duration, running from 5 minutes to about 15-20 minutes, are common in industry.  They promote the efficiency of the employee and therefore must be counted as hours worked.  Additionally, compensable time of rest periods may not be offset against other working time.*


**BASIS OF DEFENDANTS' OBJECTION**:  This instruction is not relevant to the case. This case involves analysis of whether or not Plaintiff was exempt.  There is no claim that rest periods have been improperly tracked, or that rest periods are improperly counted as time worked.  The authority cited by Plaintiff involves situations where exempt status was not at issue, where non-exempt employees' earnings were improperly deducted for time worked.  This jury instruction will unduly prejudice the jury into believing that Defendants may have committed violations that are not even at issue here


**Source**:        29 C.F.R. §785.18; Mitchell v. Greinetz, 235 F.2d 6321 (10th Cir. 1956).


APPROVED                _____

DENIED                _____

GIVEN AS MODIFIED        _____

JOINT INSTRUCTION NO. 27
MEAL PERIODS

(OBJECTED TO BY DEFENDANTS)


*Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. The employee is not relieved if she is permitted or requited to perform any duties, whether active or inactive, for her employer while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.*


**BASIS OF DEFENDANTS' OBJECTION**:  This instruction is not relevant to the case. This case involves analysis of whether or not Plaintiff was exempt. There is no claim that meal or rest periods have been improperly tracked, or that rest periods are improperly counted as time worked. The authority cited by Plaintiff generally involves situations where exempt status was not at issue, where non-exempt employees earnings' were subject to improper deductions. This jury instruction will unduly prejudice the jury into believing that Defendants may have committed violations that are not even at issue here.

**Source**:        29 C.F.R. §785.19(a); Davis v. Charoen Pokphand, Inc., 302 F. Supp. 2d 1314, 1326 (11th Cir. 2004); Mitchell v. Tampa Cigar Co., 36 Labor Cases para. 65 (S.D. Fla. 1959).

APPROVED              _____


DENIED                    _____


GIVEN AS MODIFIED         _____

JOINT INSTRUCTION NO. 28
EMPLOYER CANNOT ACCEPT THE BENEFIT OF AN
EMPLOYEE'S WORK WITHOUT COMPENSATION

(OBJECTED TO BY DEFENDANTS)


*The law does not permit an employer to accept the benefits of an employee's work without compensating the employee for all work time. Rather, work not requested but suffered or permitted is work time.*



**BASIS OF DEFENDANTS' OBJECTION**:  This instruction is not relevant to the case. This case involves analysis of whether or not Plaintiff was exempt.  There is no claim that Prestige accepted the benefit of Plaintiff's work without compensating or intending to compensate Plaintiff.  This jury instruction will unduly prejudice the jury into believing that Defendants may have committed violations that are not even at issue here

**Source**:    Reich v. Dept. of Conservation, 28 F.3d 1076, 1082 (11th Cir. 1994); 29 C.F.R. §§785.11, 785.13.

APPROVED            _____


DENIED            _____


GIVEN AS MODIFIED        _____

## JOINT INSTRUCTION NO. 29
## WAIVER AND SET-OFF

### (OBJECTED TO BY DEFENDANTS)

*An employer is legally obligated to pay overtime to covered employees regardless of whether an employee demands it during his or her employment. Accordingly, if you find that the preponderance of the evidence demonstrates that the Plaintiff worked more than Forty (40) hours in any single work week and Defendants have not proven that the Plaintiff was an exempt employee during each and every week between December 2013 and December 2014, you are instructed that the Plaintiff cannot waive, release, or compromise his to right overtime. Similarly, the law does not permit "set-offs," or reductions to an employee's unpaid overtime, for gifts, fringe benefits, or other provided by an employer.*

**BASIS OF DEFENDANTS' OBJECTIONS**: This instruction is not relevant to the case. This case involves analysis of whether or not Plaintiff was exempt. Defendants have not argued or provided evidence of any "set-offs" of Plaintiff's compensation, nor have Defendants argued that Plaintiff is entitled to overtime, but waived that entitlement. This jury instruction will unduly prejudice the jury into believing that Defendants may have committed violations that are not even at issue here

**Source**:     Brooklyn Savings Bank v. O-Neill, 324 U.S. 697, 706-07 (1945); Reich v. Department of Conservation & Natural Resources, 28 F. 3d 1076, 1082 (11th Cir. 1984); Mireles v. Frio Foods, Inc., 899 F.2d 1407, 1411 (5th Cir. 1990); Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F. 2d 1350 (11th Cir. 1983); Brennan v. Heard, 491 F.2d 1, 9 (5th Cir. 1974); Tho Dihn Tran v. Alphonse Hotel Corp., 281 F. 3d 23 (2d Cir. 2002); Reich v. Stewart, 121 F.3d 400, 407 (8th Cir. 1997); Brennan v. Veterans Cleaning Service, Inc., 482 F.2d 1362, 1370 (5th Cir. 1973); Vazquez v. Tri-State Management Co., 2002 U.S. Dist. LEXIS 385 at * 10 (N.D. Ill. Jan. 10, 2002) Gaylord v. Miami-Dade County, 78 F.Supp. 2d 1320, 1325 (S.D. Fla. 1999); Cunningham v. Gibson Electric Co., Inc., 43 F.Supp.2d 965, 975 (N.D. Ill. 1999); Marshall v. Wallace Oil, Inc., 1980 U.S. Dist. LEXIS 14549 at * 4 (D. Ga. Sept. 19, 1980); Ballard v. Consolidated Steel Corp., 61 F. Supp. 996 (S.D. Ca. 1945); 29 C.F.R. §541.35.

ACCEPTED            _____

DENIED              _____

GIVEN AS MODIFIED   _____

## JOINT INSTRUCTION NO. 30
## DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Source**:        11th Circuit Civil Pattern Jury Instructions (2013) 3.8.1

APPROVED                _____

DENIED                    _____

GIVEN AS MODIFIED        _____

**JOINT INSTRUCTION NO. 31**
**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Source**:  11th Circuit Civil Pattern Jury Instructions (2013) 3.9

APPROVED               _____

DENIED                 _____

GIVEN AS MODIFIED       _____

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22732-CIV-COOKE/TORRES

SEAN FREIXA, on behalf of himself
and others similarly situated,

      Plaintiff,

      v.

PRESTIGE CRUISE SERVICES LLC,
a Delaware Limited Liability Company,
PRESTIGE CRUISE HOLDINGS, INC.,
a Foreign Corporation, PRESTIGE CRUISES
INTERNATIONAL, INC., a Foreign Corporation,
and XYZ ENTITIES 1-10 (fictitious names of
unknown liable entities),

      Defendants.

_____/

## PLAINTIFF'S PROPOSED VERDICT FORM[1]

Based upon a preponderance of the evidence:

    **1.**    **Have the Defendants proven that Prestige Cruises designated a "representative period" as required by law for purposes of the FLSA's "Retail Sales Exemption"?**

              Answer:  Yes or No _____

    After you answer question #1, please go to question #2.

    **2.**    **How much in commissions, if any, did Prestige Cruises pay Sean Freixa during each week between December 2013 and December 2014 below and what was the Plaintiff's "regular rate of pay" during each work week?**

    In answering question #2, please complete each row & column in the chart below:

---

[1] Defendants object to Plaintiff's Proposed Verdict Form.

| Week # | Week Ending | (1) Commissions Paid by Defendants (if any) | (2) Weekly Salary | (3) Total Gross Wages Per Week Paid by Defendants [(1) + (2)] | Regular Rate of Pay |
|---|---|---|---|---|---|
| 1 | 12/13/13 | | $500.00 | $ | $ |
| 2 | 12/20/13 | | $500.00 | $ | $ |
| 3 | 12/27/13 | | $500.00 | $ | $ |
| 4 | 1/3/14 | | $500.00 | $ | $ |
| 5 | 1/10/14 | | $500.00 | $ | $ |
| 6 | 1/17/14 | | $500.00 | $ | $ |
| 7 | 1/24/14 | | $500.00 | $ | $ |
| 8 | 1/31/14 | | $500.00 | $ | $ |
| 9 | 2/7/14 | | $500.00 | $ | $ |
| 10 | 2/14/14 | | $500.00 | $ | $ |
| 11 | 2/21/14 | | $500.00 | $ | $ |
| 12 | 2/28/14 | | $500.00 | $ | $ |
| 13 | 3/7/14 | | $500.00 | $ | $ |
| 14 | 3/14/14 | | $500.00 | $ | $ |
| 15 | 3/21/14 | | $500.00 | $ | $ |
| 16 | 3/28/14 | | $500.00 | $ | $ |
| 17 | 4/4/14 | | $500.00 | $ | $ |
| 18 | 4/11/14 | | $500.00 | $ | $ |
| 19 | 4/18/14 | | $500.00 | $ | $ |
| 20 | 4/25/14 | | $500.00 | $ | $ |
| 21 | 5/2/14 | | $500.00 | $ | $ |
| 22 | 5/9/14 | | $500.00 | $ | $ |
| 23 | 5/16/14 | | $500.00 | $ | $ |
| 24 | 5/23/14 | | $500.00 | $ | $ |
| 25 | 5/30/14 | | $500.00 | $ | $ |
| 26 | 6/6/14 | | $500.00 | $ | $ |
| 27 | 6/13/14 | | $500.00 | $ | $ |
| 28 | 6/20/14 | | $500.00 | $ | $ |
| 29 | 6/27/14 | | $500.00 | $ | $ |
| 30 | 7/4/14 | | $500.00 | $ | $ |
| 31 | 7/11/14 | | $500.00 | $ | $ |
| 32 | 7/18/14 | | $500.00 | $ | $ |
| 33 | 7/25/14 | | $500.00 | $ | $ |
| 34 | 8/1/14 | | $500.00 | $ | $ |
| 35 | 8/8/14 | | $500.00 | $ | $ |
| 36 | 8/15/14 | | $500.00 | $ | $ |
| 37 | 8/22/14 | | $500.00 | $ | $ |
| 38 | 8/29/14 | | $500.00 | $ | $ |
| 39 | 9/5/14 | | $500.00 | $ | $ |
| 40 | 9/12/14 | | $500.00 | $ | $ |
| 41 | 9/19/14 | | $500.00 | $ | $ |

| Week # | Week Ending | (1) Commissions Paid by Defendants (if any) | (2) Weekly Salary | (3) Total Gross Wages Per Week Paid by Defendants [(1) + (2)] | Regular Rate of Pay |
|---|---|---|---|---|---|
| 42 | 9/26/14 | | $500.00 | $ | $ |
| 43 | 10/3/14 | | $500.00 | $ | $ |
| 44 | 10/10/14 | | $500.00 | $ | $ |
| 45 | 10/17/14 | | $500.00 | $ | $ |
| 46 | 10/24/14 | | $500.00 | $ | $ |
| 47 | 10/31/14 | | $500.00 | $ | $ |
| 48 | 11/7/14 | | $500.00 | $ | $ |
| 49 | 11/14/14 | | $500.00 | $ | $ |
| 50 | 11/21/14 | | $500.00 | $ | $ |
| 51 | 11/28/14 | | $500.00 | $ | $ |
| 52 | 12/5/14 | | $500.00 | $ | $ |
| 53 | 12/12/14 | | $500.00 | $ | $ |

After you answer question #2, please go to question #3.

**3.** **For each week Sean Freixa worked for Prestige Cruises between December 2013 and December 2014, do you find the Defendants failed to pay Mr. Freixa overtime compensation as required by law for all of the hours the Plaintiff worked in excess of Forty (40) hours per week?**

In answering question #3, please complete each row & column in the chart below for any weeks in which you find the Plaintiff is owed unpaid overtime:

| Week # | Week Ending | (1) Total # Hours Per Week Worked by Plaintiff | (2) # Overtime Hours Per Week | (3) Overtime Rate | Overtime Wages [(2) x (3)] |
|---|---|---|---|---|---|
| 1 | 12/13/13 | | | $ | $ |
| 2 | 12/20/13 | | | $ | $ |
| 3 | 12/27/13 | | | $ | $ |
| 4 | 1/3/14 | | | $ | $ |
| 5 | 1/10/14 | | | $ | $ |
| 6 | 1/17/14 | | | $ | $ |

| Week # | Week Ending | (1) Total # Hours Per Week Worked by Plaintiff | (2) # Overtime Hours Per Week | (3) Overtime Rate | Overtime Wages [(2) x (3)] |
|---|---|---|---|---|---|
| 7 | 1/24/14 | | | $ | $ |
| 8 | 1/31/14 | | | $ | $ |
| 9 | 2/7/14 | | | $ | $ |
| 10 | 2/14/14 | | | $ | $ |
| 11 | 2/21/14 | | | $ | $ |
| 12 | 2/28/14 | | | $ | $ |
| 13 | 3/7/14 | | | $ | $ |
| 14 | 3/14/14 | | | $ | $ |
| 15 | 3/21/14 | | | $ | $ |
| 16 | 3/28/14 | | | $ | $ |
| 17 | 4/4/14 | | | $ | $ |
| 18 | 4/11/14 | | | $ | $ |
| 19 | 4/18/14 | | | $ | $ |
| 20 | 4/25/14 | | | $ | $ |
| 21 | 5/2/14 | | | $ | $ |
| 22 | 5/9/14 | | | $ | $ |
| 23 | 5/16/14 | | | $ | $ |
| 24 | 5/23/14 | | | $ | $ |
| 25 | 5/30/14 | | | $ | $ |
| 26 | 6/6/14 | | | $ | $ |
| 27 | 6/13/14 | | | $ | $ |
| 28 | 6/20/14 | | | $ | $ |
| 29 | 6/27/14 | | | $ | $ |
| 30 | 7/4/14 | | | $ | $ |
| 31 | 7/11/14 | | | $ | $ |
| 32 | 7/18/14 | | | $ | $ |
| 33 | 7/25/14 | | | $ | $ |
| 34 | 8/1/14 | | | $ | $ |
| 35 | 8/8/14 | | | $ | $ |
| 36 | 8/15/14 | | | $ | $ |
| 37 | 8/22/14 | | | $ | $ |
| 38 | 8/29/14 | | | $ | $ |
| 39 | 9/5/14 | | | $ | $ |
| 40 | 9/12/14 | | | $ | $ |
| 41 | 9/19/14 | | | $ | $ |
| 42 | 9/26/14 | | | $ | $ |
| 43 | 10/3/14 | | | $ | $ |
| 44 | 10/10/14 | | | $ | $ |
| 45 | 10/17/14 | | | $ | $ |
| 46 | 10/24/14 | | | $ | $ |
| 47 | 10/31/14 | | | $ | $ |
| 48 | 11/7/14 | | | $ | $ |

| Week # | Week Ending | (1) Total # Hours Per Week Worked by Plaintiff | (2) # Overtime Hours Per Week | (3) Overtime Rate | Overtime Wages [(2) x (3)] |
|--------|-------------|--------|--------|--------|--------|
| 49 | 11/14/14 | | | $ | $ |
| 50 | 11/21/14 | | | $ | $ |
| 51 | 11/28/14 | | | $ | $ |
| 52 | 12/5/14 | | | $ | $ |
| 53 | 12/12/14 | | | $ | $ |
| | | | | | |
| | | | | TOTAL | $ |

Once you have completed the Verdict Form in its entirety, proceed to sign and date the Verdict.

SO SAY WE ALL:

Foreperson: _____

Date: _____

55

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22732-CIV-COOKE/TORRES

SEAN FREIXA, on behalf of himself
and others similarly situated,

      Plaintiff,

      v.

PRESTIGE CRUISE SERVICES LLC,
a Delaware Limited Liability Company,
PRESTIGE CRUISE HOLDINGS, INC.,
a Foreign Corporation, PRESTIGE CRUISES
INTERNATIONAL, INC., a Foreign Corporation,
and XYZ ENTITIES 1-10 (fictitious names of
unknown liable entities),

      Defendants.

_____/

## DEFENDANTS' PROPOSED VERDICT FORM[2]

**Do you find from a preponderance of the evidence:**

      1.    That Prestige failed to pay Sean Freixa overtime pay as required by law?

                     Answer Yes or No      _____

[If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.]

      2.    That Sean Freixa was exempt from the Fair Labor Standards Act under the Retail Sales Exemption for employees paid commissions?

                     Answer Yes or No      _____

_____

[2] Plaintiff objects to Defendants' Proposed Verdict Form.

56

[If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.]

3.    That Prestige knew or showed reckless disregard of the fact that the FLSA prohibited its conduct?

              Answer Yes or No          _____]

4.    That Sean Freixa should be awarded damages?

              Answer Yes or No          _____

              If your answer is "Yes," what amount of damages do you award?

                                  _____

        So say we all

                                        _____
                                        Foreperson's Signature

DATE: _____

Dated:  May 2, 2016                                   Respectfully submitted,


*/s/Keith M. Stern*                                   */s/ Larry S. Perlman*
Keith M. Stern, Esq.                                  Mark J. Neuberger, FL Bar No.
Florida Bar No. 321000                                0982024
E-mail:  employlaw@keithsten.com                      mneuberger@foley.com
LAW OFFICES OF KEITH M. STERN, P.A.                   Larry S. Perlman, FL Bar No. 91934
8333 NW 53rd Street, Suite 450                        lperlman@foley.com
Doral, Florida 33166                                  Foley & Lardner LLP
Tel: (561) 299-3703                                   One Biscayne Tower
Fax: (561) 288-9031                                   2 South Biscayne Boulevard
                                                      Suite 1900
*/s/Robert S. Norell*                                 Miami, FL 33131-2132
Robert S. Norell, Esq.                                Phone: 305-482-8400
Florida Bar No. 996777                                Fax: 305-482-8600
E-mail:  rob@floridawagelaw.com
300 Northwest 70th Avenue, Suite 305                  ***Attorneys for Defendants***
Plantation, Florida 33317
Tel: (954) 617-6017
Fax: (954) 617-6018


***Attorneys for Plaintiff***