UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22732-Civ-COOKE/TORRES

SEAN FREIXA on behalf of himself
and others similarly situated,

    Plaintiff,

vs.

PRESTIGE CRUISE SERVICES LLC,
a Delaware Limited Liability Company,
PRESTIGE CRUISE HOLDINGS, INC.,
a Foreign Corporation and PRESTIGE
CRUISES INTERNATIONAL, INC.,
a Foreign Corporation,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    THIS MATTER is before me on Defendants' Motion for Summary Judgment ("Motion") (ECF No. 36). The Motion has been fully briefed. I find that Plaintiff falls under the retail sales exemption of the FLSA, which clears Defendants from paying him overtime wages. Thus, Defendants' Motion is granted and this case is dismissed.

**I.    BACKGROUND**

    Plaintiff Sean Freixa was a "Personal Vacation Consultant" between December 7, 2013 and December 19, 2014 for Defendants' business that specialized in cruise services and sales. Def.'s Stmt. Material Facts ¶¶ 1 – 3, ECF No. 37.[1] Plaintiff sold cruises to the general public and earned commissions from cruise bookings. *Id.* ¶¶ 4 – 6, 10. Plaintiff was paid a fixed salary of $500.00 a week. *Id.* ¶ 9. Over 60% of Plaintiff's earnings, however, arose from his commissions, which boosted Plaintiff's overall wages to $70,343.03 during his employment. *Id.* ¶¶ 14 – 15.

---

[1] Defendants' statements of undisputed material facts set forth in its Motion and related filings are deemed admitted to the extent they are supported by evidence in the record and not specifically disputed by Plaintiff in an opposing statement of facts. S.D. Fla. L.R. 56.1(b); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245 – 46 (S.D. Fla. 2009).

1

Plaintiff claims he was not paid overtime wages during his employment, where he frequently worked 60- and 70-hour weeks, violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Pl.'s Stmt. Material Facts ¶ 7, ECF No. 47. Defendants contend Plaintiff was not entitled to overtime wages since he was a commissioned employee and fit the FLSA's retail sales exemption. *See* 29 U.S.C. § 207(i). Parties also dispute whether the exemption applies given Defendants' failings in its recordkeeping practices.

## II.   LEGAL STANDARD

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted); *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). In making this assessment, a court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 – 48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005)

(citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### III. DISCUSSION

In general, the FLSA requires employers "to pay employees overtime for hours worked in excess of forty hours per week." *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) (citing to 29 U.S.C. § 207(a)(1)). Exceptions do apply to this general rule, however, such as the FLSA's retail sales exemption. In particular, a "retail or service establishment" is exempted from paying overtime wages "if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him . . . , and (2) more than half of his compensation for a representative period (not less than one month) represents commissions on goods and services." 29 U.S.C. § 207(i).

Parties do not dispute that Defendants' business qualifies as a "retail or service establishment" or that Plaintiff earned more than half his compensation through bona fide commissions as defined under the FLSA and federal regulations. At issue is Plaintiff's "regular rate of pay" and Defendants' recordkeeping related to the "representative period" of the employee's time at the company.

#### A. *Plaintiff's regular rate of pay*

Parties disagree about how to tally Plaintiff's regular rate of pay during his employment. Defendants argue for averaging both the total hours Plaintiff worked and total wages and commissions he earned over his one-year employment to show that Plaintiff earned more than one and one-half times Florida's minimum hourly wage. In contrast, Plaintiff believes that computing wages week-by-week is required. Under this method, Plaintiff could not have made enough money each week to qualify for the retail sales

exemption since he was not paid commissions every week, and his weekly base salary of $500.00 could not adequately cover weeks that he worked 60 or 70 hours. I find that pertinent case law, regulations, and common sense favor Defendants' position. At bottom, the oscillating nature of a commissioned employee's hours and wages make it "unlikely that Congress meant to require employers to pay overtime in the lean weeks when the fat weeks more than make up." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 307 (7th Cir. 1986).

Federal regulations appreciate the unique earnings situation of commissioned employees. While the general rule for computing possible overtime wages for all employees, commissioned or otherwise, "takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks," 29 C.F.R. § 778.104, federal regulations permit "some other reasonable and equitable method" to distribute deferred commissions in cases where it is "not possible or practicable to allocate the commission among the workweeks of the period in proportion to the amount of commission actually earned or reasonably presumed to be earned each week." 29 C.F.R. § 778.120. To that end, district courts in this circuit have often averaged a commissioned employee's total wages and deferred commissions earned over their total number of weeks worked to determine an hourly regular rate of pay. *See, e.g.*, *Forster v. Smartstream, Inc.*, No. 3:13-CV-866-J-PDB, 2016 WL 70605, at *7 (M.D. Fla. Jan. 6, 2016) (averaging base pay and commissions over a 45-week period); *Henriquez v. Total Bike, LLC*, No. 13-20417-CIV, 2013 WL 6834656, at *3 (S.D. Fla. Dec. 23, 2013) (averaging base pay and commissions over a 128-week period); *Kuntsmann v. Aaron Rents, Inc.*, 903 F. Supp. 2d 1258, 1268 (N.D. Ala. 2012) (averaging base pay and commissions over five months). *But see Rodriguez v. Home Heroes, LLC*, No. 8:13-CV-2711-T-26AEP, 2015 WL 668009, at *8 (M.D. Fla. Feb. 17, 2015) (focusing on single workweeks to determine the hourly pay of a commissioned employee).

Here, it is "not possible or practicable to allocate" Plaintiff's commissions by each workweek since he received lump-sum commission payments for cruise vacation sales he completed in prior weeks. Def.'s Reply in Support of their Mot. Summ. J. 3, ECF No. 55; *see also* Pl.'s Stmt. Material Facts ¶ 21, ECF No. 47 (noting Plaintiff received commission payments on nine of his paychecks in 2014). Calculating Plaintiff's regular rate of pay by simply assessing payments week-by-week neglects that commissions were not paid until

several weeks' worth of sales were made. Thus, averaging the total base pay and commissions across Plaintiff's employment hours is a "reasonable and equitable method" by which to resolve Plaintiff's hourly regular rate of pay.

Under this averaging approach, Plaintiff plainly made more than one and one-half times Florida's minimum wage in 2014. Florida's minimum hourly wage at the time was $7.93, Def.'s Stmt. Material Facts ¶ 8, ECF No. 37, meaning Plaintiff's hourly rate at 150% of the minimum wage should have been $11.90 or more. Accepting Plaintiff's Statement of Claim as true, Plaintiff worked an average of 60 hours a week for 50 weeks without overtime pay. Pl.'s Stmt. Claim 2 – 3, ECF No. 15. Dividing Plaintiff's total earnings ($70,343.03) by the total hours he allegedly worked over that time (3,000) amounts to a rate of $23.45 per hour, well beyond 150% of the Florida minimum wage in 2014. In short, Plaintiff's regular rate of pay was well "in excess of one and one-half times the minimum hourly rate applicable to him." 29 U.S.C. § 207.[2]

### B. *Defendants' recordkeeping*

Plaintiff also argues that Defendants' spotty recordkeeping during Plaintiff's representative period of employment bars it from using the retail sales exemption. But I agree with Defendants' position that recordkeeping errors, even if true, do not preclude it from using the exemption.

Federal regulations outline what a representative period is and how employers should keep their records of commissioned employees. *See* 29 C.F.R. §§ 516.2 (outlining record requirements for employees subject to the FLSA), 516.16 (outlining record requirements for commissioned employees subject to the retail sales exemption), 779.417 (outlining how a representative period is determined for commissioned employees). Plaintiff does not quarrel over his one-year employment as an appropriate representative period, but asserts that employee records surrounding this period were faulty enough to thwart Defendants' use of the retail sales exemption. Specifically, Plaintiff cites evidence to show

---

[2] Plaintiff specifies in briefing for this motion that he was not paid overtime for 43 separate weeks and worked over 60 or 70 hours those weeks. Pl.'s Stmt. Material Facts ¶ 7, ECF No. 47. Even accepting that Plaintiff worked 70 hours for 50 weeks, however, does not change my conclusion that he was paid more than one and one-half times the Florida minimum wage while employed with Defendants. In fact, with the size of his earnings, Plaintiff would have needed to work over 5,900 hours during his employment to fall below the relevant 150% Florida minimum wage threshold.

that Defendants failed (1) to notate in their payroll records which employees were subject to the retail sales exemption, (2) to create any agreement that outlined commissioned employees' terms of employment and compensation, (3) to track employee hours each workweek, and (4) to review quarterly whether its one-year representative period for commissioned employees should be revised. Pl.'s Stmt. Material Facts ¶¶ 16, 19, ECF No. 47; *see also* 29 C.F.R. §§ 516.16, 779.417.

But case law and federal guidance signal the retail sales exemption can still apply despite these recordkeeping flaws. *See, e.g.*, *Forster*, 2016 WL 70605, at *6 (permitting retail sales exemption where payment records were missing for 12 weeks); *Kuntsmann*, 903 F. Supp. 2d at 1268 (permitting retail sales exemption where neither party provided payment records and court relied on Plaintiff's testimony); U.S. DEP'T OF LABOR, WAGE & HOUR DIV., FIELD OPERATIONS HANDBOOK §§ 21h01, 21h05 (2016), http://www.dol.gov/whd/FOH/FOH_Ch21.pdf (stating that a failure to follow 29 C.F.R. § 516.16 is a recordkeeping violation, but it "does not in itself invalidate an otherwise applicable exemption," and that "in order to avoid unjustifiably penalizing an employer in the case of a first investigation, retroactive selection of the representative period by the employer shall be allowed if such period meets the requirements of 29 CFR 779.417"). Instead, it is imperative that a business's representative period observes the provisions of 29 C.F.R. § 779.417. Plaintiff does not dispute the one-year representative period Defendants use. The one-year representative period properly captures Plaintiff's earning pattern in a cyclical business. *See* 29 C.F.R. § 779.417(a) (describing the representative period "as a period which typifies the total characteristics of an employee's earning pattern in his current employment situation, with respect to the fluctuations of the proportion of his commission earnings to his total compensation"). To be sure, the U.S. Department of Labor may bring an action against Defendants for their recordkeeping errors. *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002). But these errors are not germane here, especially when there is no conflict over the total number of hours Plaintiff worked, the total commissions and wages Plaintiff earned, or the one-year representative period Defendants used.

## IV.   CONCLUSION

It is **ORDERED and ADJUDGED** that Defendants' Motion for Summary Judgment (ECF No. 36) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. All pending motions are **DENIED** *as moot*. I will issue a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE and ORDERED** in Chambers at Miami, Florida, this 23rd day of May 2016.

*[Signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*